**FARAH LAW, P.C.**
Neda Farah (State Bar No. 269819)
265 S. Doheny Drive
Suite 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA WASHINGTON,<br><br>   Plaintiff,<br><br>   v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>   Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW COMES Plaintiff, MARSHA WASHINGTON ("Plaintiff"), by and through her attorneys, complaining as to the conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

### PARTIES

4. Plaintiff is a consumer over the age of 18 residing in San Joaquin County, California, which is located within the Eastern District of California.

5. Defendant is a third-party debt collector and "one of the nation's largest debt collectors."[1] Defendant is a limited liability company organized under the laws of the state of Delaware, with its principal office located at 120 Corporate Boulevard, Norfolk, Virginia 23502. Defendant's registered agent is located at 100 Shockoe Slip, Floor 2, Richmond, Virginia, 23219. Defendant regularly engages in collection activities in several different states, including the state of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon two consumer debts that Plaintiff purportedly incurred with *Chase Bank* and *Synchrony Bank* ("subject debt").

8. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

---

[1] https://www.portfoliorecovery.com/prapay/help/contact-us#about-pra

9. Since late 2020, Plaintiff has been receiving calls to her cellular phone, (209) 303-8783, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8783. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has used various phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to (719) 341-3060, (432) 517-3018, (209) 227-6224, (815) 269-9085, (559) 242-9776, (386) 703-0194, (667) 264-3006, (916) 500-0347, (571) 281-2157.

12. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

13. Plaintiff, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

14. Plaintiff was feeling harassed by Defendant's daily phone calls, so Plaintiff demanded that Defendant stop calling her.

15. Rather than being mindful of Plaintiff's request, Defendant's representatives continued placing systematic phone calls, and persisted with their coercive attempts at extracting payment from Plaintiff.

16. Aggravated over Defendant's harassing contacts, Plaintiff demanded that Defendant stop contacting her.

17. Defendant has continued placing repeated calls to Plaintiff's cellular phone through the filing of this action, including multiple calls during the same day.

18. Seeing no end to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

19. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 1997.[2]

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692c(a)(1) and §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

---

[2] http://www.acainternational.org/search#memberdirectory

connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff a number of times after she demanded that it stop calling, in just a short period of time. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. The frequency and nature of calls, including the fact that Plaintiff reiterated her demands that Defendant cease calling her, shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

29. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b. Violations of FDCPA § 1692e

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff informed Defendant of her demands that Defendant stop contacting her, Defendant continued to place automated calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff a number of times after being notified to stop. Attempting to coerce Plaintiff into payment by placing systematic phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

35. As pled in paragraphs 18 through 21, *supra,* Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MARSHA WASHINGTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

38. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

39. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

   a. **Violations of RFDCPA § 1788.10 -1788.17**

40. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

41. As outlined above, through its continuous attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692d, e, and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiff through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone using an automated system absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

42. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, MARSHA WASHINGTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c.  Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d.  Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

    e.  Enjoining Defendant from further contacting Plaintiff; and

    f.  Award any other relief as the Honorable Court deems just and proper.

Dated: July 16, 2021                        Respectfully submitted,

By: /s/ Neda Farah
Neda Farah, Esq.
**FARAH LAW, P.C.**
265 S. Doheny Drive
Suite 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com